GEORGE W. RHODES, plaintiff in error, *vs.* JAMES GAULADETT *et al.*, defendants in error.

On the 10th day of September, 1863, Pinckard conveyed by deed a tract of land, in the county of Monroe, to Gauladett, in his own right, as to one-third thereof, and to Gauladett, as trustee of Mrs. Hardee and her children, and Mrs. Irwin and her children, as to the other two-thirds, Mrs. Hardee, and Mrs. Irwin being the daughters of Gauladett. By the deed of conveyance, Gauladett, the trustee, is expressly authorized and empowered, without an order of Court, to sell and dispose of said property at such times and on such terms as he may deem best for the interests of his said *cestui que trusts*, and to *reinvest* the same in such property as may be most for their benefit.   On the 9th day of November, 1866, Gauladett bargained, sold and conveyed, by deed, to Rhodes the tract of land, conveying his individual interest therein, as well as that of his *cestui que trusts*, as trustee, as authorized by the original deed of conveyance from Pinckard, for the sum of $5,000 00, and took Rhodes' note for the purchase-money, payable to himself, and as trustee as aforesaid, or to his order, at any of the banks of Savannah, due on the first day of January, 1868, the payment of which note was secured by a mortgage on the land conveyed.   Rhodes went into the possession of the land, and has remained in the undisturbed enjoyment of the same.   The note not having been paid at maturity, the mortgage was foreclosed without any defense having been made thereto, and a suit at common law was also instituted on the note by

Rhodes *vs.* Gauladett *et al.*

the transferee thereof, and a judgment was obtained thereon without any defense having been made thereto in that suit. Afterwards, on the 29th of July, 1869, Rhodes filed his bill on the equity side of the Court, praying for an injunction to restrain Gauladett, in his individual capacity, and as trustee, from the enforcement of said judgment, and also to restrain the transferee of said note, in whose name the judgment had been obtained, from enforcing the collection of the same, on the averred grounds that Gauladett, the trustee, had committed a *breach of trust* in negotiating the note, to the prejudice of the interests of his *cestui que trusts*; that the proceeds thereof, when paid by him in satisfaction of the judgment, would not be applied for their benefit by the trustee; and that as he (Rhodes) did not know these facts until after the rendition of the judgment, he *fears* that he will not be protected in the payment of the judgment as against the claims of the *cestui que trusts*, for the alleged breach of trust on the part of the trustee, without the decree of a Court of Equity in his behalf, inasmuch as the plaintiff in the judgment received the note on which the judgment was obtained after the same became due.   The injunction, as prayed for, was granted, and on a motion to dissolve the same, on the coming in of the answers of the defendants, the Court dismissed the bill for want of equity:   *Held*, that the judgment of the Court below, dismissing the complainant's bill for want of equity, was right, and should be affirmed.

When, in the opinion of this Court, from an inspection of the entire record, the case has been brought up here for delay only, damages will be awarded as provided by the 4221st section of the Code.

Equity.   Trustees.   Damages.   Before Judge GREEN. Chambers.   Monroe county.   October, 1869.

Rhodes, of said county, filed a bill against Gauladett individually, and as trustee for his daughters, Mrs. Hardee and Mrs. Irwin, and their children, and others, in which he made the following averments:   On the 19th of November, 1866, he bought certain land in said county, which James S. Pinckard had sold Gauladett, from Gauladett, (who professed to own one undivided third of it individually, and the other undivided two-thirds as trustee for said daughters and their respective children,) took a deed from Gauladett in said double capacity, and to him, in the same double capacity, gave him for it his, Rhodes', promissory note for $5,000 00, due the 1st of January, 1868, with a mortgage to secure said note.   Rhodes took possession of the land, but did not pay

said note when it was due. Gauladett, in said double capacity, foreclosed said mortgage, and had a judgment absolute in February, 1869. Rhodes sued out a writ of error to the June Term, 1869, of this Court, and the case has ended. (The bill of exceptions was withdrawn.) At said February Term the said note was sued on in the same way, and a judgment was entered upon it at the August Term, 1869, of said Court.

Since these judgments were obtained, Rhodes has discovered facts which make him fear that his title is not good, and that either Gauladett never was trustee for his said daughters, but used the money of their husbands in that way to cover it up and defraud their creditors, or, if he was trustee, he has committed such a breach of trust as makes it unsafe for Rhodes to pay the purchase-money to him, lest Rhodes be liable for the same to the *cestui que trusts*, and besides, Gauladett had no authority to sell said trust estate, and conveyed no title. These facts are: Erwin and Hardee have become bankrupts, Gauladett has transferred Rhodes' note to Stoval & Edmondson in exchange for paper on Erwin & Hardee, and Gauladett has proved that claim against Erwin & Hardee solely in his individual capacity. Stoval & Edmondson transferred Rhodes' note to Warren, who now claims it, and yet these judgments remain in favor of Gauladett in said double capacity, and are being enforced against Rhodes. Erwin & Hardee are wholly insolvent, and Rhodes is informed that Gauladett is also insolvent.

He prayed that all of said parties should answer touching said matters; that a decree might be framed so as to protect him from loss, and that, meanwhile, no steps be taken to enforce either of said judgments. The injunction was granted. The defendants, Gauladett, Erwin and Hardee, answered that in 1863, when neither of them owed anything, they agreed to buy said place, each paying one-third, and that Gauladett should hold his third individually, and the others, as trustee, as aforesaid, and took a deed accordingly from said Pinckard, in which said Gauladett was clothed with full power, " without the authority of an order of Court, to sell and dispose of

said property at such times and on such terms as he may deem best for their benefit;" this was well known to said Pinckard, one of Rhodes' solicitors, and the deed was on record in said county; Gauladett has ever since controlled the matter exclusively, and transfered the note without any notice to them on this wise: Stoval & Edmondson, on the 10th of December, 1867, drew on Erwin & Hardee for $9,210 83, due ten days after date, and Erwin & Hardee accepted the draft. It was payable in bank, and was protested. To protect Stoval & Edmondson, Gauladett, in his double capacity, transferred to them Rhodes' note, and they let Warren, who owned the draft, have Rhodes' note to release them, and let Gauladett take said draft. Gauladett has proved the draft against Erwin & Hardee, bankrupts, their assets will pay fifty cents in the dollar, and thus the *cestui que trusts* are in no danger; besides Gauladett is amply able to respond in damages. They said no defense was made to either of said suits, and that this bill was hatched up for delay.

Mrs. Erwin and Mrs. Hardee, by answer, ratified all that Gauladett had done as their trustee. Stoval & Edmondson and Warren answered substantially as aforesaid, as to the matter and manner of the transfer. All denied any combination or fraudulent intent.

Upon the coming in of these answers, they moved to dismiss the bill for want of equity, or that failing, to dissolve the injunction because the equity was sworn off. In support of the answers, they showed that Gauladett owned $12,000 00 worth of realty in Savannah, and twenty-three shares of Central Railroad stock, and ten shares of South-Western Railroad stock, unencumbered, in his own right, and that Rhodes, on the 10th of February, 1869, wrote inquiring who held said note. The complainant showed that Gauladett proved said claim against Erwin & Hardee in his individual capacity solely, and that the liabilities of the bankrupts was $247,000 00.

The Chancellor dismissed the bill, and that is assigned as error.

Rhodes *vs.* Gauladett *et al.*

A. D. HAMMOND, JAMES S. PINCKARD, for plaintiff in error, cited: Story's Eq. Juris., sec. 1129, 1131; Wormley vs. Wormley, 8th Wheat. R., 421; Hill on Trustees, 165, 758; 1st L. C. in Eq., 87, 95; 4 My. & Cr., 427; Adams' Eq., 385, sec. 156; Irw. Code, sec. 2310.

CABANISS & PEEPLES, for defendants, cited: 10th Ga., 133; Story's Eq., sec. 1127, 1134; 1 L. Cas. in Eq., 76; Parsons' Select Cases, 48; 11 Vesey, 156; 3 Swan., 699; 5 Madd., 358: 2 Brock, 234; 2 DeSaussure, 375; 6 Call., 309, 354; 1 Rob., (Virg.,) 107; 2 Doss., 375; Irw. Code, sec. 2303; 1 Kelly, (Geo.) 136; 2d, 275; 3d, 78, 229; 15th Ga. R., 103, and asked for damages for delay.

WARNER, J.

The error assigned to the judgment of the Court below in this case is the dismissal of the complainant's bill. One branch of this case was brought up to this Court at a former term, and the writ of error was withdrawn by the plaintiff in error without a hearing thereon. The complainant is in possession of the land for which the note was given, on which the judgment was obtained, which is now sought to be enjoined under various pretexts set up in his bill of complaint, all of which appear to have been hunted up by him since the rendition of the judgment, for the obvious purpose of delaying the payment of a just demand. The payment of the judgment rendered against him for the price of the land will, in our judgment, be a sufficient protection to him as against the claims of the *cestui que trusts* of the trustee who sold it to him, under the deed of trust, which conferred the power on the trustee to sell the same. On the statement of facts contained in the record, there was no error in the judgment of the Court below in dismissing the complainant's bill.

And as it is quite apparent from all the facts in the record that the case was brought here for delay only, damages should be awarded as provided by the 4221st section of the Code.

Let the judgment of the Court below be affirmed, and damages be awarded.